IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARCLAYS BANK DELAWARE, | : |
| | : |
| Plaintiff, | : Case No. 2:23-cv-4145 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : |
| SHANE SCHMALTZ, | : Magistrate Judge Elizabeth Preston Deavers |
| | : |
| Defendant. | : |

# ORDER

This matter is before this Court on the Magistrate's Judge's Order to Show Cause (ECF No. 6), Defendant Shane Schmaltz's response thereto (ECF No. 7), and Plaintiff Barclays Bank Delaware's Motion for Remand (ECF No. 9). Mr. Schmaltz removed this case from Madison County Municipal Court on December 18, 2023, because "[t]his action is regarding debt collection" and, in his view, "is bound by The Fair Debt Collection Practices Act (FDCPA), (15 U.S.C. § 1692 et seq.)." (ECF No. 1 at 2). Specifically, Mr. Schmaltz asserts in his Notice of Removal that Plaintiff violated the FDCPA by filing suit against him before responding to his dispute of the debt. *See* 12 CFR § 1006. 38(d)(2) (requiring that "[u]pon receipt of a dispute submitted by the consumer in writing . . . a debt collector must cease collection of the debt . . . until the debt collector: (i) Sends a copy either of verification of the debt or of a judgment to the consumer in writing or electronically in the manner required by § 1006.42").

Following removal, the Magistrate Judge ordered Mr. Schmaltz to show cause why the case should not be remanded to state court. (ECF No. 6). The Order to Show Cause explained that, to the extent that Mr. Schmaltz intends to assert an FDCPA claim as counterclaim—a defendant's complaint against the plaintiff, filed in the plaintiff's case—a counterclaim predicated

on a federal statute does not provide "a basis for removal to federal court under 28 U.S.C. § 1441(a)." (ECF No. 6 at 2). In response to the Magistrate Judge's Order, Mr. Schmaltz makes similar arguments to the ones made in his Notice of Removal, arguing that Katie Carbone, one of Plaintiff's lawyers, violated the FDCPA by initiating the lawsuit against him. (ECF No. 7 at 2). Mr. Schmaltz also explains that he attempted to "get the State Court to accept jurisdiction for the federal violation when [he] filed a motion to dismiss under [] 12 CFR § 1006.3 8(d)(2)," but his Motion to Dismiss was denied. (*Id.*). As a result, he hopes this Court will accept jurisdiction of the case. (*Id.* at 3).

Shortly after Mr. Schmaltz filed his response to the Order to Show Cause, Plaintiff filed a Motion for Remand to state court, arguing that this Court lacks subject matter jurisdiction over the litigation because Plaintiff does not raise a federal claim. (ECF No. 9 at 3-4). Because Plaintiff only raises a state law claim in hopes of recovering a debt that it alleges Mr. Schmaltz owes, Plaintiff requests that this Court remand the case to Madison County Municipal Court. (*Id.* at 1). Although Mr. Schmaltz has not responded to Plaintiff's Motion in over a month, this Court construes his response to the Order to Show Cause as his position on this Court's jurisdiction over the case against him.

Since the FDCPA is a federal statute, Defendant appears to argue that this Court has "federal question" jurisdiction, a form of subject-matter jurisdiction, over the case.[1] Generally, "a

---

[1] Federal courts *must* have subject-matter jurisdiction to adjudicate a case. This is because "federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). All claims over which federal courts do not have expressly authorized jurisdiction must be brought in state court if they are to be brought at all. If this Court concludes that it does not have subject-matter jurisdiction, it is not free to exercise its discretion to retain the case.

2

case may be removed on the basis of federal-question jurisdiction if adjudication of the plaintiff's claim for relief will depend on the application of the Constitution, treaties, or laws of the United States." Wright & Miller, Removal Based on Federal-Question Jurisdiction, 14C Fed. Prac. & Proc. Juris. § 3722 (Rev. 4th ed.). And the federal right invoked as the basis for removal "must be an essential element of the *plaintiff's* properly pleaded *claim for relief*." *Id.* (emphasis added).

Here, Plaintiff's claim, a "claim for the balance due on [Mr. Schmaltz's] account" is an "entirely state-based plea" and "federal-court jurisdiction cannot be invoked on the basis of a defense or counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 54 (2009). In other words, Mr. Schmaltz's claim that Plaintiff violated the FDCPA, whether he frames it as a defense or a counterclaim, cannot be the basis for federal court jurisdiction over the case against him. *See Wheeler-Polk v. Mickler*, No. 1:18 CV 2919, 2019 WL 13323860, at *1 (N.D. Ohio Feb. 6, 2019) ("To the extent that [Defendant] asserts an FDCPA claim as a counterclaim to [Plaintiff's] eviction action, counterclaims are not a basis for removal under § 1441(a)."). Should Mr. Schmaltz wish to bring an FDCPA claim against Plaintiff, he is constrained to do so in either a separate case in federal court or through a counterclaim in state court.

In his Response to the Magistrate Judge's Order to Show Cause, Mr. Schmaltz also indicates that he believes Katie Carbone, an attorney who represents Barclays but is not personally a party to this action, violated the FDCPA. Without deciding the issue, this Court notes that even if Mr. Schmaltz was permitted to file a third-party "federal question" complaint against Ms. Carbone in the state court proceeding, he would likely not be entitled to removal since he would be seeking to remove the case in his capacity as a plaintiff, not as a defendant, which § 1441(a) does not permit. *See* § 1441(a) (explaining that "any civil action brought in a State court . . . may be removed by the *defendant*") (emphasis added); *see also Lesure v. City of E. Cleveland*, No. 1:15

3

CV 1555, 2016 WL 438994, at *2 (N.D. Ohio Feb. 3, 2016) (reasoning that "a third party plaintiff should also be barred from removing an action based on the third party complaint.").

In sum, this Court concludes that it does not have subject-matter jurisdiction over the case and **GRANTS** Plaintiff's Motion for Remand. Accordingly, this case is **REMANDED** to the Madison County Municipal Court. All pending motions are **MOOT**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 18, 2024**